**MAYALL HURLEY P.C.**
**ROBERT J. WASSERMAN (SBN:  258538)**
rwasserman@mayallaw.com
**WILLIAM J. GORHAM (SBN:  151773)**
wgorham@mayallaw.com
**NICHOLAS J. SCARDIGLI (SBN:  249947)**
nscardigli@mayallaw.com
**JOHN P. BRISCOE (SBN:  273690)**
jbriscoe@mayallaw.com
**RACHAEL ALLGAIER (SBN: 318664)**
rallgaier@mayallaw.com
**2453 Grand Canal Boulevard**
**Stockton, California 95207-8253**
**Telephone:  (209) 477-3833**
**Facsimile:  (209) 473-4818**

**Attorneys for Plaintiff Mai Katy Xiong and the Putative Class**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MAI KATY XIONG, an individual,** | **Case No.:** |
| **Plaintiff,** | **COMPLAINT** |
| **vs.** | **1.  FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS (<u>CLASS ACTION ALLEGATIONS</u>)** |
| **G4S SECURE SOLUTIONS (USA) INC., a corporation;** | **2.  FAILURE TO PROVIDE MEAL PERIODS OR PAY PREMIUMS** |
| **Defendant.** | **JURY TRIAL DEMANDED** |

Plaintiff Mai Katy Xiong brings this class action against G4S Secure Solutions (USA) Inc. for violations of the Labor Code.

## PARTIES

1.     Mai Katy Xiong ("Xiong" or "Plaintiff") is and at all times relevant herein was employed in San Joaquin County, California, is a citizen of California, and was an "employee" as defined by the Labor Code and the applicable California Industrial Wage Commission ("IWC") Order(s).

2.     G4S Secure Solutions (USA) Inc. ("G4S" or "Defendant") is a Florida corporation, formed under the laws of Florida, and does business in California.

3.     At all times relevant herein, G4S has been an "employer" under the Labor Code and the applicable California Industrial Wage Commission ("IWC") Order(s).

## JURISDICTION AND VENUE

4.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), (5)(b) because there are at least 100 class members in the proposed class, and the combined claims of all class members exceed $5,000,000, exclusive of interest and costs, and Xiong is a citizen of a different state than G4S.  Venue is proper in this court because the unlawful acts alleged herein took place within this District.  Plaintiff hereby demands a jury trial.

## GENERAL ALLEGATIONS

5.     Xiong was hired by G4S on or around November 2018 to work as a Security Officer for G4S, assigned to Doctors' Hospital Manteca in Manteca, California.  At all times during said employment, Xiong was an hourly employee, eligible for overtime under California law, and indeed earned overtime on a regular basis.  Further, at all times during her employment with G4S, Xiong was eligible for meal periods under California law.  Xiong remains employed with G4S as a Security Officer.

6.     On information and belief, G4S employs no less than 500 persons within the State of California.

7.     Xiong has been regularly denied timely meal periods during her employment with G4S.  While working in the emergency room (which Xiong does, approximately three to four days per week), she is not relieved of duty and afforded a meal period by the end of the fifth hour of work.  Generally, Xiong is not relieved of duty and afforded a meal period until approximately five hours and twenty minutes into her shift.

8.     Despite the regular denial of timely meal periods, *supra,* Xiong has never been paid an hour of pay at her regular rate of compensation for every meal period which has not been

provided in accordance with Labor Code section 512 and applicable Wage Orders of the Industrial Welfare Commission ("IWC").

9.      Further, throughout Xiong's employment with G4S, she was issued itemized wage statements which did not comply with California Labor Code section 226, subdivision (a).  The wage statements failed to accurately show "all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate."  (See Lab. Code, § 226, subdivision (a)(9).)  Specifically, the wage statements showed incorrect overtime hourly rates and an incorrect amount of regular hours worked.  (**Exhibit 1**.)

10.      Additionally, because of the foregoing meal period violations, and because Xiong was not paid premium pay as required, the wage statements issued to her did not accurately show the gross wages earned and the net wages earned.  (See Lab. Code, § 226, subds. (a)(1), (5).)  For the same reasons, these meal period violations compounded the already inaccurate showing of all applicable hourly rates and the corresponding hours worked at each hourly rate.  (*Id..,* subd. (a)(9).)

11.      Defendants were, at all times relevant herein, aware of the requirements of Labor Code section 226.

12.      Defendants have, at all times relevant herein, furnished wage statements to each of its California employees pursuant to an established set of policies, procedures and practices.

13.      Xiong and Defendants' other California employees, both current and former, have suffered injury as a result of Defendants' knowing and intentional failure to comply with Labor Code section 226, subdivisions (a)(9).

14.      Xiong and Defendants' other California employees, both current and former, were unable to promptly and easily determine all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate from the wage statements furnished by Defendants.

15.      The foregoing list of misconduct is a partial list only and set forth by way of example.

///

## CLASS ACTION ALLEGATIONS

16.     Plaintiff brings the First Cause of Action on behalf of herself and all others similarly situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The putative class ("the Class") that Plaintiff seeks to represent consists of the following:

> All individuals who are currently employed or were formerly employed by
> G4S in California and to whom G4S furnished at least one wage statement
> in relation to a pay period in which the individual was paid overtime and
> the overtime hourly rate and/or amount of regular hours worked are shown
> incorrectly, from one year prior to the filing of his Complaint and
> continuing to the date as determined by the Court.

17.     The class of persons is so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action is a benefit to the parties and to the Court.  Plaintiff is informed and believes, and based thereon alleges, that Defendants employ more than 2,000 employees who satisfy the class definition.  Although the exact number and identity of class members is not presently known, they can be identified in Defendants' records through coordinated discovery pursuant to this class action.

18.     This action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure because the questions of law and fact which are common to Class members clearly predominate over any questions affecting only individual members and because a class action is superior to other available methods for adjudicating the controversy.

19.     There are numerous common questions of law and fact arising out of Defendants' conduct.  This class action focuses on Defendants' repeated and systematic violations of Labor Code section 226, subdivision (a)(9).

20.     Furthermore, common questions of fact and law predominate over any questions affecting only individual members of the class.  The predominating common or class-wide questions of law and fact include the following:

a.   Whether the wage statements Defendants furnished to their California hourly employees comply with Labor Code section 226, subdivision (a)(9);

b.   Whether the Class is entitled to injunctive relief; and

c.   Whether the Class is entitled to statutory penalties, and the amount of the same.

21.    Plaintiff's claims are typical of the claims of the members of the Class as a whole, all of whom have sustained and/or will sustain damage and injury as a proximate and/or legal result of the alleged violations of Defendants.  Plaintiff's claims are typical of those of the Class because Defendants subjected Plaintiff and each member of the Class to the same violations alleged herein.

22.    The defenses of Defendants, to the extent that such defenses apply, are applicable generally to the whole Class and are not distinguishable as to the proposed class members.

23.    Plaintiff will fairly and adequately protect the interests of all members of the Class, and has retained attorneys with extensive experience in litigation, including class and representative actions.  Plaintiff has no interests that conflict with those of the Class.  Plaintiff is able to fairly and adequately protect the interests of all members of the class because it is in his best interest to prosecute the claims alleged herein in order to obtain the full compensation due herself and the other class members.

24.    A class action is superior to any other method available for fairly and efficiently adjudicating the controversy because 1) joinder of individual class members is not practicable, 2) litigating the claims of individual class members would be unnecessarily costly and burdensome and would deter individual claims, 3) litigating the claims of individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants, 4) class members still working for Defendants may be fearful of retaliation if they were to bring individual claims, 5) class members would be discouraged from pursuing individual claims because the damages available to them are relatively small, and 6) public policy encourages the use of the class actions to enforce employment laws and protect individuals who, by virtue of their subordinate position, are particularly vulnerable.

25.     Judicial economy will be served by maintenance of this lawsuit as a class action.  To process numerous virtually identical individual cases will significantly increase the expense on the Court, the class members, and Defendants, all while unnecessarily delaying the resolution of this matter.  There are no obstacles to effective and efficient management of this lawsuit as a class action by this Court and doing so will provide multiple benefits to the litigating parties including, but not limited to, efficiency, economy, and uniform adjudication with consistent results.

26.     Notice of a certified class action and any result or resolution of the litigation can be provided to class members by mail, email, publication, or such other methods of notice as deemed appropriate by the Court.

### FIRST CAUSE OF ACTION
### FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS
### (Lab. Code, § 226, subd. (a))
### Against Defendants

27.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

28.     Pursuant to Labor Code section 226, subdivision (a), "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when the wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee [. . .], (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number, (8) the name and address of the legal entity that is the employer [. . .], (9) all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee and, if the employer is

a temporary services employer [. . .], the rate of pay and the total hours worked for each temporary services assignment."

29.    An employee suffering injury as a result of the knowing and intentional failure by an employer to comply with Labor Code section 226, subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed the aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.  (Lab. Code, § 226, subd. (e)(1).)

30.    An employee is deemed to suffer injury if the employer fails to provide a wage statement or if the employer fails to provide accurate and complete information as required by any one or more of the items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone, i) the amount of gross/net wages paid to the employee during the pay period or any of the other information required to be provided pursuant to Labor Code section 226, subdivision (a), items (2) to (4), inclusive, (6) and (9), ii) deductions made by the employer, iii) the name and address of the employer and iv) the name of the employee and the last four digits of his or her social security number or employee identification number.  (Lab. Code, § 226, subds. (e)(2)(A), (B)(i)-(iv).)  "Promptly and easily determine" means a reasonable person would be able to readily ascertain the information without reference to other documents or information.  (Lab. Code, § 226(e)(2)(C).)

31.    As set forth above, Defendants intentionally and willfully failed to furnish accurate itemized wage statements which complied with Labor Code section 226.

32.    Wherefore, Plaintiff and the other members of the Class have been injured as set forth above and request relief as hereafter provided.

///

///

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SECOND CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL PERIODS OR PAY PREMIUMS**
**(Lab. Code, §§ 226.7, 512)**
**Against Defendants**

33.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

34.     Labor Code section 226.7 requires employers to provide employees meal periods as mandated by Order of the Industrial Welfare Commission.  It states:

    a.   No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

    b.   If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

35.     Labor Code section 512, subdivision (a) and the applicable Wage Order(s) provide that an employer may not employ a person for a work period of more than five (5) hours per day without providing that employee a meal period of not less than thirty (30) minutes, except that if the total work period per day is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.  An employer may not employ a person for a work period of more than ten (10) hours per day without providing that employee with a second meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than twelve (12) hours, the meal period may be waived by mutual consent of both the employer and the employee, and only if the first meal period was not waived.

36.     During the relevant time period, Plaintiff was not provided with meal periods as required by law and did not receive an additional hour of premium pay for each workday that the

meal period was not provided in accordance with the applicable provisions of the applicable IWC Wage Order.

37.     Wherefore, Plaintiff has been injured as set forth above and request relief as hereafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1.     That this Court certify the Class identified in paragraph 16;

2.     That this Court certify Plaintiff as the representative of the Class identified in paragraph 16;

3.     That this Court award injunctive relief, including that available under Labor Code section 226, subdivision (h);

4.     That this Court award statutory penalties under Labor Code section 226, subdivision (e)(1);

5.     That this Court award premium pay as required by Labor Code 226.7(c) and the applicable IWC Wage Order(s);

6.     That this Court award statutory attorneys' fees and costs, including those available under Labor Code sections 218.5 and 226, subdivisions (e)(1) and (h), as well as Code of Civil Procedure section 1021.5;

7.     That this Court award prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and

8.     That this Court award such other and further relief as the court deems just and proper.

///

///

///

///

///

Complaint
Page 9 of 10

1   **DATED:**  March 22, 2019                                **MAYALL HURLEY P.C.**

2

3                                                       By: _____/s/ John P. Briscoe_____
                                                            WILLIAM J. GORHAM
4                                                           NICHOLAS J. SCARDIGLI
                                                            ROBERT J. WASSERMAN
5                                                           JOHN P. BRISCOE
                                                            RACHAEL ALLGAIER
6                                                           Attorneys for Plaintiff and the Putative Class

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28