UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAI KATY XIONG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>G4S SECURE SOLUTIONS (USA) INC., a corporation,<br><br>Defendants. | No. 2:19-cv-00508-JAM-EFB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY** |

Plaintiff Mai Katy Xiong ("Xiong" or "Plaintiff") brings this putative class action against G4S Secure Solutions (USA) Inc. ("G4S" or "Defendant") for violating the California Labor Code by failing to compensate Xiong for missed meal periods and failing to provide accurate wage statements. Compl., ECF No. 1. Defendant moves to stay the case in light of allegedly duplicative pending state court proceedings. Mot., ECF No. 13.

For the reasons set forth below, this Court DENIES Defendant's motion.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 30, 2019.

1

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Mai Katy Xiong, a resident of California, has worked for G4S as an hourly-paid Security Officer at Doctors' Hospital Manteca since November 2018. Compl. ¶¶ 1, 5. Xiong, who often works in the hospital's emergency room, alleges she has been regularly denied timely meal periods and has not been paid the required hour of "premium pay" for these missed meal periods. Id. ¶¶ 7-8. Xiong further alleges that G4S has issued wage statements which did not accurately show employees' number of regular hours worked, overtime hourly rates, gross wages earned, and net wages earned. Id. ¶¶ 9-10.

On March 22, 2019, Xiong filed the Complaint against G4S, alleging individual claims for failure to provide meal periods or pay premiums and class claims for failure to furnish accurate itemized wage statements. Compl., at 6-10. Xiong brings the wage statement claims on behalf of a class of "All individuals who are currently employed or were formerly employed by G4S in California and to whom G4S furnished at least one wage statement in relation to a pay period in which the individual was paid overtime and the overtime hourly rate and/or amount of regular hours worked are shown incorrectly, from one year prior to the filing of his Complaint and continuing to the date as determined by the Court." Compl. ¶ 16.

On September 17, 2018, former G4S employee Monet Sterling filed a representative PAGA action against G4S in Los Angeles County Superior Court alleging G4S failed to provide employees mandatory meal and rest breaks or compensation in lieu of such breaks, failed to pay employees all final wages due at

termination, and failed to provide employees with accurate itemized wage statements. ECF No. 13-1 at 6-12 (*Monet Sterling v. G4S Secure Solutions (USA), Inc.*, Case No. BC722270).

On February 5, 2019, former G4S employee Brian Pettee filed a class action suit in Los Angeles County Superior Court alleging G4S failed to pay overtime wages, failed to pay minimum wages, failed to provide meal and rest breaks or compensation in lieu of such breaks, failed to pay employees all final wages due at termination, failed to provide employees with accurate itemized wage statements, violated PAGA, and violated California's unfair competition law. ECF No. 13-1 at 17-41 (*Brian Pettee v. G4S Secure Solutions (USA), Inc.*, Case No. 19STCV03482). In that action, Pettee seeks to represent a class of "All individuals who worked for Defendants in state of California as a non-exempt, hourly-paid on-site Security Guard Supervisors at any time during the period from four years prior to the filing of this Complaint until the date of certification." ECF No. 13-1 at 19-20.

G4S moves to stay this federal case pursuant to the decision in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), arguing the claims presented in this case are duplicative or substantially similar to those presented in the two California state court actions. Mot., ECF No. 13. Xiong opposes the motion. Opp'n, ECF No. 14.

II. OPINION

Under the Colorado River abstention doctrine, a federal court may abstain from exercising jurisdiction in favor of parallel state proceedings where doing so would serve the

3

interests of "(w)ise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation." Colorado River, 424 U.S. at 817 (citation omitted). However, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." Id. at 813. Indeed, "[g]enerally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Id. at 817 (internal quotation and citation omitted).

The Ninth Circuit has identified "eight factors for assessing the appropriateness of a Colorado River stay or dismissal: (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court." R.R. St. & Co. Inc. v. Transp. Ins. Co., 656 F.3d 966, 978-79 (9th Cir. 2011) (footnote omitted). These factors are not to be applied as a "mechanical checklist," but rather in "a pragmatic, flexible manner with a view to the realities of the case at hand." Seneca Ins. Co., Inc. v. Strange Land, Inc., 862 F.3d 835, 842 (9th Cir. 2017) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16, 21 (1983)). Nevertheless, "the existence

4

of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a stay." Intel Corp. v. Advanced Micro Devices, Inc., 12 F.3d 908, 913 (9th Cir. 1993).

This Court agrees that some factors favor a stay, including that the state court obtained jurisdiction first, state law will provide the rule of decision, and a stay may help avoid piecemeal litigation. But, crucially, a resolution of the *Sterling* and *Pettee* actions may not completely resolve the instant case. That the state actions and federal action have overlapping claims and seek similar statutory penalties does not mean the adjudication of the state actions will fully resolve the federal action. For example, the *Pettee* action involves a putative class of Security Guard Supervisors, but that class is underinclusive as to the this action: Xiong was not a supervisor and thus is not a member of the putative class for whom a judgment will be rendered nor would a decision on the Security Guard Supervisor class cover the entirety of Xiong's proposed class of former G4S employees. Similarly, a full decision in the *Sterling* action would not resolve Xiong's individual claim that G4S regularly denied *her*, in particular, timely meal periods and did not compensate her for these missed meal periods. Abstention under Colorado River is therefore precluded. Intel Corp., 12 F.3d 913; see Moses H. Cone, 460 U.S. at 28 (underscoring that "the decision to invoke Colorado River necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the [federal] case, whether it stays or dismisses.").

Separately, this Court is not persuaded by Defendant's arguments that this Court should exercise its inherent power to stay this case. Mot. at 13-15 (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).

## III. ORDER

For the reasons set forth above, this Court DENIES Defendant's Motion to Stay. ECF No. 13.

IT IS SO ORDERED.

Dated: August 13, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE