| | |
|---|---|
| MAI KATY XIONG, an individual, | No. 2:19-cv-00508-JAM-EFB |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES** |
| G4S SECURE SOLUTIONS (USA) INC., a corporation, | |
| Defendants. | |

Plaintiff Mai Katy Xiong ("Xiong" or "Plaintiff") brings this putative class action against G4S Secure Solutions (USA) Inc. ("G4S" or "Defendant") for violating the California Labor Code by failing to compensate Xiong for missed meal periods and failing to provide accurate wage statements. Compl., ECF No. 1. Defendant filed an Answer which asserts thirty-three affirmative defenses. Answer, ECF No. 6. Plaintiff moves to strike all of Defendant's affirmative defenses. Mot., ECF No. 12.

For the reasons set forth below, this Court GRANTS IN PART and DENIES IN PART Plaintiff's motion.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 30, 2019.

I.  OPINION

A.  Legal Standard

Under Federal Rule of Civil Procedure 12(f), a court may strike any "insufficient [affirmative] defense" from an answer. Fed. R. Civ. P. 12(f).  An affirmative defense may be insufficient as a matter of law or as a matter of pleading. Butcher v. City of Marysville, No. 2:18-cv-02765-JAM-CKD, 2019 WL 3337888, at *7 (E.D. Cal. July 25, 2019).  "An affirmative defense is insufficient as a matter of law 'only if it lacks merit under any set of facts a defendant might allege.'  An affirmative defense is insufficient as a matter of pleading when it fails to 'provide the plaintiff fair notice of the defense.'" Id. (internal citations omitted).  Consistent with its prior decisions, this Court declines to apply the Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009) pleading standard to affirmative defenses.  Id. Motions to strike an affirmative defense as insufficient are generally viewed with disfavor by the federal courts because of their often dilatory or harassing purpose.  See 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure §§ 1380, 1381 (3d. ed., April 2019 update).

B.  Insufficient as a Matter of Pleading

Plaintiff argues all thirty-three of Defendant's affirmative defenses are conclusory and should be stricken for failure to afford fair notice.  This Court finds that affirmative defenses 10, 12, 17, 18, 21, 22, 30, and 31 meet the fair notice standard and the motion to strike these affirmative defense is denied. However, this Court agrees that the remaining affirmative

defenses are lacking in factual detail and do nothing more than identify and state, in general terms, the legal defense itself without providing notice of the grounds upon which the defense rests. See Kohler v. Staples the Office Superstore, LLC, 291 F.R.D. 464, 468-69 (S.D. Cal. 2013). That a defendant must affirmatively state its defenses, including those listed explicitly in Federal Rule of Civil Procedure 8(c)(1), does not alter the required fair notice pleading standard. Kohler, 291 F.R.D. at 468-69; see also Bd. of Trustees of IBEW Local Union No. 100 Pension Tr. Fund v. Fresno's Best Indus. Elec., Inc., No. 1:13-CV-01545-AWI, 2014 WL 1245800, at *4 (E.D. Cal. Mar. 24, 2014). Thus, the motion to strike affirmative defenses 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 13, 14, 15, 16, 19 and 32 is granted, with leave to amend. See Kohler, 291 F.R.D. at 467 ("Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings.") (citing Fed. R. Civ. P. 15(a)(2) and Wyshak v. City Nat. Bank, 607 F.2d 824, 826 (9th Cir. 1979)). For the same reasons, the motion to strike affirmative defenses 20, 23, 24, 25, 26, 27, 28, and 29 as insufficiently pleaded is granted, but, as discussed below, leave to amend these defenses would be futile because they are also insufficient as a matter of law.

C.   Insufficient as a Matter of Law

Plaintiff argues nineteen of the thirty-three affirmative defenses are deficient as a matter of law. Xiong brings claims for missed meal periods and inaccurate itemized wage statements. Given the causes of action, and considering the allegations presented in the Complaint, this Court finds that affirmative defenses 3, 4, 6, 7, 8, 13, 14, 15, and 16 lack merit under any

3

set of facts G4S might allege, and the motion to strike these defenses as legally insufficient is therefore granted. Nevertheless, because Defendant may be able to elucidate the legal sufficiency of these defenses, this Court grants leave to amend. On the other hand, this Court finds that affirmative defenses 5 and 17 are not insufficient as a matter of law and the motion to strike those defenses on that ground is denied.

Affirmative defenses 20, 23, 24, 25, 26, 27, 28, and 29 are less defenses to the causes of action than denials of the Complaint's class allegations. The appropriate manner to raise these arguments is in the context of a motion for class certification and G4S will be permitted to do so. Fed. R. Civ. P. 23(c)(1). Thus, the motion to strike affirmative defenses 20, 23, 24, 25, 26, 27, 28, and 29 is granted without leave to amend.

In affirmative defense 33, G4S seeks to reserve the right to assert other affirmative defenses should the need arise. However, because a "mere 'reservation of affirmative defenses' is not an affirmative defense," the motion to strike affirmative defense 33 is granted without leave to amend. Kohler, 291 F.R.D. at 473 (quoting E.E.O.C. v. Timeless Investments, Inc., 734 F. Supp. 2d 1035, 1055 (E.D. Cal. 2010)). This Court recognizes that G4S has not had the benefit of full discovery and may not yet know all applicable affirmative defenses, but Rule 15 provides G4S the procedural mechanism to amend its pleading should the need arise. Fed. R. Civ. P. 15(a); see Fresno's Best Indus. Elec., Inc., 2014 WL 1245800, at *4.

///

///

## II.   SANCTIONS

This Court issued its Order re Filing Requirements ("Filing Order") on March 22, 2019.  ECF No. 3-2.  The Filing Order limits memoranda in support of and in opposition to motions to strike to fifteen pages.  The Filing Order also states that an attorney who exceeds the page limits must pay monetary sanctions of $50 per page.  Plaintiff's moving brief exceeds the page limit by two pages.  Defendant's opposition brief exceeds the page limit by three pages.  This Court therefore ORDERS (1) Plaintiff's counsel to pay $100 to the Clerk of the Court within five days of the date of this Order and (2) Defendant's counsel to pay $150 to the Clerk of the Court within five days of the date of this Order.

## III.   ORDER

For the reasons set forth above, this Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion to Strike Defendant's Affirmative Defenses.  ECF No. 12.  This Court:

1.   DENIES the motion to strike affirmative defenses 10, 12, 17, 18, 21, 22, 30, and 31 as insufficiently pleaded;

2.   DENIES the motion to strike affirmative defenses 5 and 17 as legally insufficient;

3.   GRANTS the motion to strike affirmative defenses 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 13, 14, 15, 16, 19, and 32 as insufficiently pleaded, with leave to amend;

4.   GRANTS the motion to strike affirmative defenses 3, 4, 6, 7, 8, 13, 14, 15, and 16 as legally insufficient, with leave to amend; and

5.   GRANTS the motion to strike affirmative defenses 20,

23, 24, 25, 25, 26, 27, 28, 29, and 33 as legally insufficient, without leave to amend.

    If Defendant elects to amend its answer at this stage of the litigation, it shall file an Amended Answer within twenty days of this Order.

    IT IS SO ORDERED.

Dated: August 13, 2019

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE